UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 24 2012

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

KERRI TURNER,
Administrator of the Estate of
Ross Turner, Deceased, on behalf of
The Estate of Ross Turner and on behalf of
the Wrongful Death Beneficiaries of
Ross Turner, Deceased,

             Plaintiff,

    v.

LOOMIS ARMORED US, LLC,
Serve at:
The Corporation Company
124 West Capitol Avenue
Suite 1900
Little Rock, AR 72201,

and

JACK E. BLAND
Serve at:
11305 N 110th Ave. E
Owasso, OK 74055,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 12-5192

Division No.

JURY TRIAL REQUESTED

## COMPLAINT

COMES NOW Plaintiff Kerri Turner, as Administrator of the Estate of Ross Turner,

Deceased, on behalf of The Estate of Ross Turner and on behalf of the Wrongful Death

Beneficiaries of Ross Turner, by and through her attorneys of record, and for her cause of action

against Loomis Armored US, LLC and Jack E. Bland, states as follows:

## JURISDICTION AND VENUE

1.     This is an action brought pursuant to the Arkansas Survival Statute, ARK. CODE

ANN. § 16-62-101, and the Arkansas Wrongful Death Act, ARK. CODE ANN. § 16-62-102, for

personal injury, wrongful death and survival damages caused by the negligence and fault of Loomis Armored US, LLC and Jack E. Bland.

2.     Plaintiff Kerri Turner (hereinafter "Plaintiff Turner") is, and at all times relevant hereto, was the spouse of Ross Turner, who died of severe injuries sustained in a crash caused by Defendants Loomis Armored US, LLC and Jack E. Bland on March 15, 2012, in Benton County, Arkansas. Plaintiff Turner is a citizen of Washington County, Arkansas, residing at 133 W Sunbridge Drive, Fayetteville, AR 72703.

3.     Plaintiff Turner is the duly appointed Administrator of the Estate of Ross Turner, having been so appointed by the Probate Division in the Circuit Court of Washington County, Arkansas, on April 17, 2012, in Case No. PR-2012-252-5. Attached to this Complaint as Exhibit A and incorporated by reference is the Order Appointing Special Administrator entered by the Circuit Court of Washington County, Arkansas, Probate Division.

4.     Plaintiff Turner, as Administrator of the Estate of Ross Turner, is the proper party to bring the wrongful death action and survival action associated with the death of Ross Turner pursuant to ARK. CODE ANN. § 16-62-101 and ARK. CODE ANN. § 16-62-102 on behalf of The Estate of Ross Turner and the wrongful death beneficiaries, namely, Kerri Turner, wife, Alicia Turner, daughter, Rhett Turner, son, Riley Turner, son, Roscoe Turner, son, Bertha Bruce, mother, Richard Turner, brother, and Debbi Cohagan, sister.

5.     Defendant Loomis Armored US, LLC (hereinafter "Defendant Loomis") is an interstate motor commercial carrier, and at all times relevant hereto, has been a citizen of Texas, with its principal place of business located at 2500 City West Blvd., Suite 900, Houston, TX 77042, and may be served pursuant to Rule 4(e) of the Federal Rule of Civil Procedure through its registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little

Rock, AR 72201. Loomis is registered with the U.S. Department of Transportation under U.S.

D.O.T. Number 252201.

6.      Defendant Loomis is, and at all times relevant hereto, has been in the business of

a motor carrier providing secure armored transport, automated teller machine (ATM) services,

cash processing and outsourced vault services for banks, other financial institutions, commercial

and retail businesses.

7.      Defendant Loomis continually and systematically conducts business within the

State of Arkansas, purposefully directing its activities at Arkansas residents and residents of the

Western District of Arkansas.  Not by limitation, but by means of illustration, the Defendant's

activities in the Western District of Arkansas include:

   a.   Operating as an interstate commercial carrier registered with the U.S. D.O.T.
        Number 252201.

   b.   Selling products;

   c.   Forming and performing contracts;

   d.   Owning and/or leasing real estate;

   e.   Regularly operating vehicles on Arkansas roadways;

   f.   Advertising to Arkansas businesses; and

   g.   Supplying and transporting products to Arkansas businesses.

8.      Plaintiff alleges, below, that Defendant Loomis has committed a tort within the

State of Arkansas.

9.      Defendant Jack E. Bland (hereinafter "Defendant Bland") is, and at all times

relevant hereto, has been a citizen of Tulsa County, Oklahoma, residing at 11305 N 110th Ave.

E, Ossawo, OK 74055.  He may be served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

      10.    The Loomis Vehicle at issue in this case is a Commercial Motor Vehicle as defined by 49 C.F.R. § 390.3.

      11.    Defendant Loomis, as a Commercial Motor Carrier, is required to assure that its vehicle is operated in accord with the federal regulations under 49 C.F.R. §§ 390.11 & 392.1.

      12.    Defendant Jack Bland is a Commercial Operator and is required to operate the vehicle in accord with the federal regulations under 49 C.F.R. §§ 390.3 & 392.1.

      13.    This Court has jurisdiction over this case pursuant to 28 USC § 1332(a)(1).  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Plaintiff is a citizen of Arkansas.  Defendant Bland is a citizen of Oklahoma.  Defendant Loomis is a citizen of Texas.

      14.    Venue is properly before the Western District of Arkansas under 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Arkansas.

## FACTUAL ALLEGATIONS

      15.    The facts and allegations contained in the paragraphs above are incorporated herein by reference.

      16.    Defendant Bland was employed by Defendant Loomis as a driver of its armored vehicles.

      17.    At the date and time of the subject accident, Defendant Bland was performing duties within the scope and course of his employment with Defendant Loomis.

      18.    At the date and time of the subject accident, Defendant Bland was operating a

4

2010 International C1300 armored vehicle, a commercial motor vehicle under 49 C.F.R. § 383.5.
Defendant Loomis owned, licensed and insured the subject vehicle.

19.     Defendant Bland was ill and fatigued at the time of the subject accident, having
returned to work the day of the accident following several days of illness.  Defendant Bland was
told to return to work by Loomis even though Loomis knew he was ill and fatigued.

20.     Defendant Loomis permitted its agent and commercial operator to operate the
commercial vehicle while fatigued and ill in violation of 49 C.F.R. § 392.3.

21.     Defendant Loomis knowingly and intentionally pressured Defendant Bland to
work the day of March 15, 2012, even though he was ill and fatigued and had been in this
condition since Monday, March 12, 2012.

22.     On or about March 15, 2012, at 1:07 p.m., Decedent Ross Turner was standing
next to this truck and trailer in a safe location on a straight section of roadway approximately
nine and a half (9.5) feet off the right lane fog line.  At this time, Defendant Bland was operating
a Loomis armored vehicle travelling eastbound in the outside lane of U.S. Highway 412.  Upon
seeing a vehicle on the side of the highway, Defendant Loomis and its agents have a policy and a
duty to move to the left lane of the highway. Instead, due to being ill and fatigued, Defendant
Bland caused the armored vehicle to veer over onto the shoulder and strike Ross Turner and his
trailer.  Mr. Turner was thrown under the rear of the truck he had been driving, and the armored
vehicle continued colliding with the left side of Mr. Turner's truck, striking the side of his truck
and his mirror with the right side of the armored vehicle.  As a result of the collision, Mr. Turner
was airlifted to Washington Regional Medical Center where he underwent surgery.  At 6:35
p.m., Ross Turner died as a result of the injuries he suffered in the accident.

## COUNT I – NEGLIGENCE AND RECKLESSNESS
## DEFENDANT LOOMIS ARMORED US, LLC

23.     The facts and allegations contained in the paragraphs above are incorporated herein by reference.

24.     Defendant Bland, while operating the armored vehicle in the scope and course of his employment with Defendant Loomis, owed a duty to the public and decedent Ross Turner to use and exercise the highest degree of care.

25.     Defendant Bland, while operating the armored vehicle in the scope and course of his employment with Defendant Loomis, breached his aforesaid duty and was thereby negligent in the following respects:

    a.  Defendant Bland operated the vehicle in an ill and fatigued state;

    b.  Defendant Bland operated the vehicle while his alertness was impaired;

    c.  Defendant Bland lost focus on the task of driving safely;

    d.  Defendant Bland failed to keep a lookout for other vehicles and/or persons;

    e.  Defendant Bland failed to keep his vehicle under control;

    f.  Defendant Bland failed to drive at a safe speed for the conditions;

    g.  Defendant Bland failed to reduce his speed;

    h.  Defendant Bland drove at a reckless and careless speed;

    i.  Defendant Bland failed to take evasive action;

    j.  Defendant Bland failed to sound a warning;

    k.  Defendant Bland improperly changed lanes;

    l.  Defendant Bland improperly drove onto the shoulder of the road;

6

m. Defendant Bland wrongfully caused the vehicle he was operating to collide with the decedent Ross Turner and his truck and trailer.

26.   Defendant Loomis is vicariously liable for any and all of the negligent and/or tortious acts and/or omissions committed by its employee Defendant Bland under the doctrine of respondeat superior.

27.   Defendant Loomis owed various duties to the public and decedent Ross Turner, including, but not limited to, a duty to properly hire and train drivers for commercial motor vehicles such as the one at issue in the case at bar; a duty to entrust its commercial motor vehicles to competent drivers; a duty to properly supervise, train and dispatch its drivers.

28.   Defendant Loomis breached its aforesaid duties and was thereby negligent in any one or more of the following respects:

a. Defendant Loomis permitted Defendant Bland to operate its commercial vehicle when it knew or should have known that Defendant Bland was ill and/or in a fatigued state;

b. Defendant Loomis failed to train, supervise, monitor and control its employee, Defendant Bland;

c. Defendant Loomis knowingly required Defendant Bland to operate its commercial vehicle when Loomis knew Defendant Bland was unfit to drive due to being ill and fatigued.

d. Defendant Loomis knowingly required Defendant Bland to operate its commercial carrier vehicle beyond hours set by the U.S. D.O.T. for commercial carriers;

e.  Defendant Loomis failed to train Defendant Bland to understand and follow 49 C.F.R. § 392.1;

f.  Defendant Loomis failed to have policies and/or procedures in place to prevent its drivers, including Defendant Bland, from operating its equipment in a negligent or reckless manner, and/or while ill or fatigued;

g.  Defendant Loomis permitted, allowed and/or caused Defendant Bland to operate and drive the commercial motor vehicle when his ability or alertness was impaired so as to make it unsafe for him to operate the commercial vehicle;

h.  Defendant Loomis, through its practice of requiring its employee drivers to travel to their destinations under unreasonably strict time schedules, allowed and encouraged, rather than discouraged, Defendant Bland to drive in a negligent and reckless manner;

29.   Defendant Loomis, directly and/or through its employee, agent, and/or servant, Jack Bland, breached its duty to the public and protected individuals such as Ross Turner by violating United States Department of Transportation regulations and Arkansas state statutes.

30.   Defendant Loomis and its agent/driver failed to meet the following federal regulations stated below.  Defendant Loomis and its agent/driver's failure to meet one or more of these regulations constitutes negligence which caused or contributed to cause the collision that led to the death of Ross Turner. At all times relevant hereto, the United States Department of Transportation regulations in effect included, but were not limited to, the following:

a.  49 C.F.R. § 392.1.  Scope of the Rule in this Part.

8

Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in this part.

b.  49 C.F.R. § 392.3. Ill or Fatigued Driver.

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle . . . .

31.    At all times relevant hereto, the Arkansas state statutes in effect included, but were not limited to, the following:

a.    ARK. CODE ANN. § 27-51-104(a).  It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.

b.    ARK. CODE ANN. § 27-51-104(b).  It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:

(1) Improper or unsafe lane changes on public roadways; . . .

(4) Driving too close to or colliding with parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares; . . .

9

(6) To operate any vehicle in such a manner which would cause a failure to maintain control; . . . or

(8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

32.     The acts and omissions of Defendant Loomis, directly and/or through its employee, agent, and/or servant, Jack Bland, in violation of the aforementioned state and federal statutes and regulations constitute negligence.

33.     Defendant Loomis, directly and/or through its employee, agent, and/or servant, Jack Bland, acted with a deliberate intention to harm or an utter indifference to, or conscious disregard of, the safety of others, including decedent Ross Turner.

34.     As a direct and proximate result of the negligence of Defendant Loomis, directly and/or through its employee, agent, and/or servant, Jack Bland, Ross Turner was caused to suffer severe injuries, resulting in his wrongful death.

## COUNT II – NEGLIGENCE AND RECKLESSNESS
## DEFENDANT JACK BLAND

35.     The facts and allegations contained in the paragraphs above are incorporated herein by reference.

36.     Defendant Bland owed a duty to the public and decedent Ross Turner to use and exercise the highest degree of care when operating the armored vehicle.

37.     Defendant Bland breached his aforesaid duty and was thereby negligent in the following respects:

   a.   Defendant Bland operated the vehicle in an ill and fatigued state;

   b.   Defendant Bland operated the vehicle while his alertness was impaired;

   c.   Defendant Bland lost focus on the task of driving safely;

10

    d.  Defendant Bland failed to keep a lookout for other vehicles and/or persons;

    e.  Defendant Bland failed to keep his vehicle under control;

    f.  Defendant Bland failed to drive at a safe speed for the conditions;

    g.  Defendant Bland failed to reduce his speed;

    h.  Defendant Bland drove at a reckless and careless speed;

    i.  Defendant Bland failed to take evasive action;

    j.  Defendant Bland failed to sound a warning;

    k.  Defendant Bland improperly changed lanes;

    l.  Defendant Bland improperly drove onto the shoulder of the road;

    m. Defendant Bland wrongfully caused the vehicle he was operating to collide with the decedent Ross Turner and his truck and trailer.

38.    Defendant Bland breached his duty to the public and protected individuals such as Ross Turner by violating United States Department of Transportation regulations and Arkansas state statutes.

39.    Defendant Bland failed to meet the following federal regulations stated below. Defendant Bland's failure to meet one or more of these regulations constitutes negligence which caused or contributed to cause the collision that led to the death of Ross Turner. At all times relevant hereto, the United States Department of Transportation regulations in effect included, but were not limited to, the following:

    a.  49 C.F.R. § 392.1.  Scope of the Rule in this Part.

    Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of

11

commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in this part.

b.   49 C.F.R. § 392.3. Ill or Fatigued Driver.

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle . . . .

40.     At all times relevant hereto, the Arkansas state statutes in effect included, but were not limited to, the following:

a.     ARK. CODE ANN. § 27-51-104(a).  It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.

b.     ARK. CODE ANN. § 27-51-104(b).  It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:

(1) Improper or unsafe lane changes on public roadways; . . .

(4) Driving too close to or colliding with parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares; . . .

(6) To operate any vehicle in such a manner which would cause a failure to maintain control; . . . or

12

(8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

41.     Defendant Bland's acts and omissions in violation of the aforementioned state and federal statutes and regulations constitute negligence.

42.     Defendant Bland acted with a deliberate intention to harm or an utter indifference to, or conscious disregard of, the safety of others, including decedent Ross Turner.

43.     As a direct and proximate result of the negligence of Defendant Bland, Ross Turner was caused to suffer severe injuries, resulting in his wrongful death.

## DAMAGES

44.     The facts and allegations contained in the paragraphs above are incorporated herein by reference.

45.     As a direct and proximate result of the aforesaid negligent and reckless acts and/or omissions of Defendant Loomis and its employee, Defendant Bland, Ross Turner died; his beneficiaries suffered, continue to suffer, and will suffer indefinitely in the future from his wrongful death; all for which Plaintiff is entitled to recover compensatory damages.

46.     Further, as the direct and proximate result of Defendants' negligence and/or recklessness, decedent was caused to suffer extreme emotional distress, mental and physical trauma, and physical pain and suffering and anguish prior to his death, all for which Plaintiff is entitled to recover damages in the same manner as decedent Ross Turner would have been entitled had his wrongful death not ensued.

47.     Therefore, Plaintiff Kerri Turner, as the Administrator of the Estate of Ross Turner, deceased, on behalf of herself and the other beneficiaries of this action, namely Alicia Turner, daughter, Rhett Turner, son, Riley Turner, son, Roscoe Turner, son, Bertha Bruce,

mother, Richard Turner, brother, and Debbi Cohagan, sister, seeks compensation for all elements of damage to which they are entitled under Arkansas wrongful death law, including, but not limited to, the following:

a. pecuniary loss, including loss of the money, goods, and services decedent Ross Turner would have contributed to them;

b. mental anguish, suffering, grief and despair suffered and reasonably probable to be suffered in the future by them;

c. loss of parental love, care, supervision, and training suffered by his children; and

d. loss of society, services, companionship, and marriage relationship suffered by his wife.

48.     Plaintiff Kerri Turner also seeks compensation for all elements of damage to which the Estate of Ross Turner is entitled under the Arkansas Survival Statute, including, but not limited to, the following:

a. Ross Turner's loss of life;

b. reasonable value of funeral expenses;

c. loss of any personal property and effects;

d. conscious pain and suffering of Ross Turner prior to his death;

e. disfigurement and visible results of injury sustained by Ross Turner prior to his death; and

f. medical expenses attributable to the fatal injury.

14

**PUNITIVE DAMAGES AGAINST DEFENDANT LOOMIS AND DEFENDANT BLAND**

49.     Plaintiffs incorporate herein by reference all preceding paragraphs of this complaint as if each were fully set forth in the entirety.

50.     Further, Plaintiff seeks punitive damages. Defendant Loomis and Defendant Jack Bland acted with a deliberate intention to harm or an utter indifference to, or conscious disregard of, the safety of others, including decedent Ross Turner. Defendants acted in a grossly reckless and malicious manner and knew or should have known that this conduct would naturally and probably lead to death or serious injury to motorists and persons on the shoulder of the highway such as decedent Ross Turner. Defendants continued such conduct under circumstances in which they knew that death or serious injury was likely to occur in disregard of the health and safety of those motorists and persons on the shoulder of the highway, from which malice may be inferred. Punitive damages are needed to punish Defendant Loomis and Defendant Bland and deter them and others from similar conduct.

51.     Accordingly, Defendants Loomis and Bland are liable to Plaintiff for punitive damages to punish and penalize and deter them from similar conduct in the future.

## DEMAND AND PRAYER

52.     The facts and allegations contained in the paragraphs above are incorporated herein by reference.

53.     Plaintiff hereby demands a trial by jury.

54.     Plaintiff reserves the right to file amended and additional pleadings after further investigation and discovery.

WHEREFORE, and for the foregoing reasons, Plaintiff demands judgment against Defendant Loomis Armored US, LLC and Defendant Jack E. Bland, joint and severally, for a

15

sum sufficient to fully compensate her for the personal injury, wrongful death and survival damages caused by the negligence and fault of Loomis Armored US, LLC, and Jack E. Bland; for punitive damages; for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses and costs; and for all other damages, specific and general, to which Plaintiff is entitled under the law.

Respectfully submitted,

HOGUE LAW FIRM, PLLC

Brian C. Hogue          ABA #2010028
P.O. Box 4220
Fayetteville, AR 72702
Telephone (479) 444-6311
Facsimile (479) 442-4580
brian@hoguelawfirm.com

and

16

THE DeFEO LAW FIRM, L.L.C.


_____

Daniel T. DeFeo  MO #35161, *Pro Hac Vice*
Angela G. Cahill  MO #52830, *Pro Hac Vice*
924 Main
Lexington, MO  64067
Telephone:  (660)259-9806
Facsimile:  (660)259-9809
ddefeo@defeolaw.com
acahill@defeolaw.com

**ATTORNEYS FOR PLAINTIFF**

17