IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KERRI TURNER, Administrator of the Estate of
Ross Turner, Deceased, on behalf of the Estate of
Ross Turner and on behalf of the wrongful death
beneficiaries of Ross Turner, Deceased                                                         PLAINTIFF

v.                                              Case No. 5:12-CV-05192

LOOMIS ARMORED US, LLC; and JACK E. BLAND                                      DEFENDANTS

**O R D E R**

Currently before the Court is Defendants' Motion for Protective Order (Doc. 26) and brief in support (Doc. 25) and Plaintiff's Response (Doc. 27).

Although Defendants received Plaintiff's discovery requests on January 13, 2013, Defendants failed to move for a protective order until February 25, 2013—two days before the parties were scheduled to take depositions of Loomis Armored US, LLC ("Loomis") employees. Defendants assert that Plaintiff is merely trying to engage in a "fishing expedition" by requesting information related to maintenance and inspection of the subject vehicle in this case, and that such requests present an undue burden on Defendants bordering on harassment.

The Court has reviewed the arguments presented by the parties in their briefs and the authority cited therein. The Court agrees with Plaintiff that the requested information is reasonably calculated to lead to the discovery of admissible evidence in this case. Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Court further finds that Plaintiff has made a "threshold showing of relevance" showing that their proposed discovery "reasonably bear[s] upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377 (8th Cir. 1992). A

review of information regarding whether the subject vehicle was properly maintained and in proper working order, prior to the accident, could certainly lead to relevant and admissible evidence bearing on the issue of whether Defendant Bland was driving the vehicle safely, recklessly, or carelessly given the conditions.

Furthermore, Plaintiff's requests are limited as to the time period for which they are requesting information. Plaintiff requests daily inspection records for the subject vehicle for 30 days preceding the accident; maintenance and repair records or work orders for six months preceding the accident; the annual inspection report covering the date of the accident; and DOT and state inspections for the year of the accident and one year prior. (Doc. 26-1, p. 11). Plaintiff likewise limits her requests concerning documents tending to show compliance with regulations concerning inspection and maintenance of the subject vehicle to one year prior through the date of the accident. *Id*. at 12. The Court finds that such requests are neither unduly burdensome nor harassing.

The Court finds that Defendants have not shown good cause to justify the issuance of a protective order in this matter. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses . . .").

IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order (Doc. 26) is DENIED.

IT IS SO ORDERED this 27th day of February, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE